PER CURIAM.
We find error in the trial court’s decision to direct a verdict in favor of the appellees, a landowner and his agent, in this wrongful death suit. We reverse because of the presence in the record of evidence indicating that the landowner’s water pump was unsafe by virtue of not being properly grounded at the time the landowner’s agent allegedly invited a neighbor to assist in fixing the pump; and evidence that the landowner, who allegedly had installed the pump himself, knew or should have known of the danger.
We reject the landowner’s contention that he was entitled to a directed verdict because he had instructed the agent to leave the pump alone. The fact, if established, that the landowner’s agent disobeyed instructions to leave the pump alone may furnish a basis for an action against the agent by the owner, but such circumstance does not, as a matter of law, relieve the landowner of his legal responsibility for the actions of the agent.
On the insurer’s consolidated appeal we hold that the trial court did not err in ruling that the action alleged in the complaint was subject to coverage under a homeowner’s policy of insurance issued on an out-of-state residence owned by the landowner, so as to require the insurer to defend the action. Specifically, the complaint alternatively alleged that the premises in question was a parcel of land owned by the insured landowner. The premises upon which the accident took place may have been an insured location under the *327 terms of the policy since other “vacant land” owned by the insured is covered by the policy. Because we are limited to considering the allegations of the complaint (instead of the evidence submitted at trial, for instance), we cannot rule out coverage for the purpose of determining a duty to defend the action alleged in the complaint. West American Insurance Co. v. Silverman, 378 So.2d 28 (Fla. 4th DCA 1980).
Accordingly, we reverse and remand for further proceedings in accord herewith.
REVERSED AND REMANDED.
ANSTEAD and GLICKSTEIN, JJ., and GOLDMAN, MURRAY, Associate Judge, concur.